SWANN, Judge.
The petitioners seek a writ of certiorari from an order of the Circuit Court.
The respondent, Vincent P. Wigfield, Jr., sued the defendants, Montano, for damages allegedly resulting from the negligent operation of an automobile. The plaintiff joined the defendants’ liability insurance company, Lumbermens Mutual Casualty Company, as a party-defendant in the cause. The existence of a liability policy was admitted. Plaintiff then filed an interrogatory to the defendants requesting that they set forth the limits of liability in the policy as it applied to the plaintiff. Defendants objected to the interrogatory and after a *610 hearing the trial judge overruled the objection and required defendants to answer it within twenty days. Defendants seek certiorari and assert that the order is contrary to the essential requirements of law.
In 1957 the Supreme Court of Florida ruled that the policy limits in a defendant’s automobile liability insurance policy were not a proper subject matter for discovery by the plaintiff in a negligence suit arising from an automobile collision case. Brooks v. Owens, Fla.1957, 97 So.2d 693.
In 1969 it held that an injured party has a direct cause of action against the insurer as a third party beneficiary under an automobile liability insurance policy which the defendant carries with his insurance company. Shingleton v. Bussey, Fla.1969, 223 So.2d 713.
In Beta Eta House Corporation, Inc. v. Gregory, Fla.App.1970, 230 So.2d 495 the First District Court of Appeal extended this rule to premises liability insurance companies and suggested a procedure for handling the trial of these cases.
In Beta Eta House Corporation, Inc. v. Gregory, Fla.1970, 237 So.2d 163, filed July 1, 1970, the Supreme Court of Florida said:
“(a) The principles announced in Shingleton v. Bussey, supra, are applicable not only to automobile liability insurance but also to other forms of liability insurance; and
(b) The trial court may on motion of either party order separate trials pursuant to Rule 1.270(b), Florida Rules of Civil Procedure, in those cases where the liability insurance carrier is joined as a defendant in a tort action against its insured.”
Finally it said:
“The purpose of Shingleton v. Bussey, supra, was to require the parties to ‘lay their cards on the table’ in discovery proceedings, settlement negotiations, and pre-trial hearings. The existence or amount of insurance coverage has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury.” Emphasis added.
Under Rule 1.280, R.C.P., 30 F.S.A., and the foregoing authorities it appears that the discovery of policy limits in proper cases is now permissible as it is relevant to the subject matter of the pending action. While it may not be admissible at' the trial bearing on the issues of liability and damages, it may be relevant and admissible in the event there is a separate trial against the insurance carrier. See Duran v. McPherson, Fla.App.1970, 233 So.2d 639.
The petition for writ of certiorari is, therefore,
Denied.