294 So.2d 124 (1974)
STATE ex rel. Roney J. MITCHELL, Relator,
v.
Honorable David Seth WALKER, Circuit Judge, As Criminal Administrator of the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County, Respondent.
No. 74-122.
District Court of Appeal of Florida, Second District.
April 24, 1974.
Rehearing Denied May 21, 1974.
*125 Robert E. Jagger, Public Defender, and Raymond O. Gross, Asst. Public Defender, Clearwater, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
McNULTY, Judge.
This is an original proceeding in prohibition in which the relator raises double jeopardy. He was on trial before a jury for robbery and using a firearm in the commission of a felony when during said trial the court, on its own motion, granted a mistrial over relator's objection. The question before us is whether there was any legally sufficient reason therefor.
The state presented one witness during its case in chief, the testimony of one Mrs. Hunter the victim of the robbery which, she said, was committed at her place of employment. The state indicated to the court that another witness, one Officer Napier who was under subpoena for that day, was still testifying in another court and would not be available until the following day. Whereupon, the court said:
"Wait a minute, hold it. Mr. Duncan, who is a juror in this case, is excused by me for [tomorrow], the whole ... day. I remember when I called him up, he started to say something, but I know you had indicated before trial it was a three-witness type trial, and Mr. Duncan was excused for tomorrow."
In view of the comments of the court, and at the court's instance, the parties then stipulated before the jury that Officer Napier, if he were present, would testify to the following facts:
"... That on Monday, July 30th, '73, this officer showed Mrs. Lee Hunter a group of five photographs which contained the photograph of the defendant Roney Mitchell; that Mrs. Hunter selected the photograph of Roney Mitchell as the perpetrator of this alleged robbery."
At that point the state rested.
After the usual motion for directed verdict and denial thereof, defense counsel presented his opening statement to the *126 jury during which he made the following comment:
"... [T]hough he isn't required to do so, our client, Roney, has asked for the opportunity to address the jury, and he will take the stand and he will tell you what transpired and what did not transpire, and he will undertake to tell you he is innocent of this charge, and this is a case of mistaken identification, that he, in fact, did not commit this crime, he has never committed any substantial crime in his life, and that, in fact, another person is responsible for this particular crime... ."
Thereafter, and before the defendant presented any evidence, the state requested a conference with the court outside the presence of the jury. It is patent from the record that counsel for the state requested this conference because he interpreted the foregoing comments of defense counsel as laying a predicate for the establishment of an alibi, to which he objected because of the defendant's failure to comply with the alibi rule, CrPR 3.200, 33 F.S.A. Subsequent colloquy between the court and counsel indicates, however, that all apparently finally agreed that even if the defendant's anticipated testimony could have been interpreted as "alibi" evidence, notice pursuant to the aforesaid Rule 3.200 is inapplicable if the defendant himself intends to be the sole witness thereof.[1] At which point counsel for the state than indicated that he was going to insist on the opportunity to call Officer Napier who, it was felt, could rebut certain testimony should the defendant himself give it.
When it became apparent, then, that the case would likely go over to the following day or even thereafter the court summarily stated:
"Because of the recurrence of rather bizarre events during the course of this trial, it is now the determination of this Court the defendant should be provided another day in Court.
On the Court's own motion and without prejudice to either party, I declare it is a mistrial in both cases."
The "rather bizarre events" alluded to by the court are nowhere specified by court or counsel in the record nor, from a careful reading thereof, are we able to find any which can be so classified. But in any case the court did declare a mistrial and the record clearly reflects timely and vociferous objection by the defendant-relator.
Now, in support of the mistrial the state cites Adkins v. Smith[2] for the proposition that declaring a mistrial is a matter of discretion in the trial court and that such discretion is not shown to have been abused here. While we surely agree that the matter is one within sound judicial discretion, nevertheless the discretion involved is not the mere choice between declaring or not declaring a mistrial. Our observation on "judicial discretion" in Utica Mutual Insurance Company v. Clonts,[3] though a civil case, is nonetheless appropriate here. We said:
"... [judicial discretion] is not a naked right to choose between alternatives. There must be a sound and logically valid reason for the choice made. If a trial court's exercise of discretion is upheld whichever choice is made merely because it is not shown to be wrong, and there is no valid reason to support the choice made, then the choice made may just as well have been decided by the toss of a coin. In such case there would be no certainty in the law and no guidance to bench or bar."
*127 In a criminal case, of course, because of double jeopardy sanctions, extreme caution ought be observed by the court in exercising such discretion in favor of declaring a mistrial over the defendant's objection. And the "valid reason" for so declaring a mistrial must be predicated either on some misfortune which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interests of either the judicial process itself, the defendant, the state or both,[4] or it must be predicated upon some unfair or wrongful tactic, action or conduct on the part of the defendant by which a substantial interest of the state is unfairly frustrated or embarrassed.[5] We find neither basis to support a mistrial here.
Justification for a mistrial in this case must rest either on (1) the allegation that the defendant was going to rely on an alibi, (2) the absence of Officer Napier, a rebuttal witness, or (3) one juror was told he could be excused for the following day. None of them is legally sufficient under the facts herein.
To begin with, the relevant aforequoted comments in the opening statement by defense counsel were not an indication that the defendant was going to testify concerning alibi. An "alibi," as contemplated by rule 3.200, supra[6] necessarily means that the defendant will attempt affirmatively to establish not only that he was not at the scene of the crime involved but that, in fact, at the time thereof he was elsewhere, at a particular place sufficiently distant from the scene of the crime, so that he could not possibly have been present at its perpetration. Here, defense counsel merely stated that relator was misidentified as the perpetrator thereof. Not only did counsel not indicate relator was at a specified place other than at the scene of the crime, he didn't even deny relator's presence there. In a word, the statement was no more than a general denial of relator's criminality and it went no further than his Not Guilty plea itself.
As to the second possible justification for the mistrial, it follows from the foregoing that this must also fall since Officer Napier's testimony, to the extent that it may have been necessary in rebuttal of an alibi, was rendered moot, there being no anticipated "alibi" to rebut. But in any case, the mere unavailability of a prosecution witness is no grounds for a mistrial absent, as we've indicated, some tactic, action or conduct on the part of the defendant by which he may be estopped to complain.[7] There was none here.
Finally, concerning the excused juror, neither the length of the trial nor the mere inconvenience to jurors, the court's calendar or court personnel is sufficient legal cause for a mistrial.[8] We see nothing more than this here. Indeed, even if the juror were irrevocably excused for the next day (Wednesday), and assuming the need for Officer Napier, there is nothing in the record to indicate he could not have been present the following day *128 (Thursday); and a simple one-day recess would likely have cured the problem.
In view of the foregoing, therefore, prohibition herein is appropriate and the Rule should be, and it is hereby, made absolute.
MANN, C.J., and GRIMES, J., concur.
NOTES
[1] CrPR 3.200 provides, in part,

"... If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of providing an alibi, except the testimony of the defendant himself." (Emphasis ours.)
[2] (Fla. 1967), 205 So.2d 530.
[3] (Fla.App.2d, 1971), 248 So.2d 511.
[4] Such misfortune would include a hung jury, of course; the sudden illness of a juror, Ellis v. State (1889) 25 Fla. 702, 6 So. 768; the death or illness of a member of a juror's family, Annot., A.L.R. 1062, et seq.; and the illness of the judge, State ex rel. Williams v. Grayson (Fla. 1956) 90 So.2d 710.
[5] Cf. Adkins v. Smith, n. 2 supra.
[6] The pertinent portion of 3.200 CrPR, 33 F.S.A., reads:

"... [A] defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi."
[7] Cf. State ex rel. Manning v. Himes (1943), 153 Fla. 711, 15 So.2d 613.
[8] Cf. State ex rel. Hand v. Lane (Fla.App.2d, 1968), 209 So.2d 873.