436 So.2d 147 (1983)
STATE of Florida, Appellant,
v.
Debra Ann COLLINS, Appellee.
No. 82-1065.
District Court of Appeal of Florida, Second District.
February 9, 1983.
Rehearing Denied March 14, 1983.
*148 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Frank C. Alderman III, Fort Myers, for appellee.
SPICOLA, GUY W., Associate Judge.
This is an appeal by the state from an order dismissing an indictment for first-degree murder on the ground of double jeopardy. We affirm.
Debra Ann Collins was indicted for the first-degree murder of her husband. During the course of her trial, the state sought to introduce an alleged fake suicide note and the murder weapon. The state was prevented from doing so by a ruling of the trial judge. During a recess on the third day of the trial, the state learned of a conversation about the case between the trial judge and one of its witnesses, who was a friend of the judge. Nevertheless, the state made no objection and continued to present more testimony in an attempt to have the note and gun introduced into evidence. The court again denied the admissibility of the evidence, and then the state moved for a mistrial on the basis of the judge's conversation with the witness.
The court then went into chambers to conduct a hearing on the matter. The hearing revealed that during the course of the judge's conversation with the witness, he told her that the state had a questionable case and that the trial would soon be over. However, the witness stated that the judge never intimidated her or put her in fear, nor did anything to change or alter her testimony. Furthermore, he had no discussions with her concerning the substance of her testimony.
The state again indicated that it wanted to move for a mistrial to which the defendant objected. The trial judge responded *149 that he did not believe that he had done anything wrong and that a mistrial was unnecessary. He also expressed his opinion that if a mistrial were granted the defendant could not be retried because of former jeopardy. Nevertheless, the state persisted with its motion, and the trial judge declared a mistrial over the objection of the defendant.
Subsequently, on motion by the defendant, another judge dismissed the indictment on the basis of double jeopardy. This appeal followed.
The concept of protection against double jeopardy originates in the Fifth Amendment to the United States Constitution and section 9 of the Declaration of Rights of the Florida Constitution. Its purpose is to protect citizens against the once existing power of the state, or the sovereign, to continue to prosecute the same person for the same offense until a conviction is obtained. If a mistrial is declared and the jury discharged, jeopardy attaches unless there appears a manifest necessity justifying the declaration of mistrial. Bryant v. Stickley, 215 So.2d 786 (Fla. 2d DCA 1968).
This case is novel in that the trial judge granted a mistrial after stating that he did not believe there were sufficient grounds for mistrial. The cases we have reviewed generally relate to whether the court properly exercised its discretion in determining that a mistrial was necessary. These cases stand for the proposition that where a mistrial is declared on a motion by the state, a retrial of the defendant is barred on the ground of former jeopardy unless the declaration of mistrial by the judge was dictated by manifest necessity. Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); State v. Grayson, 90 So.2d 710 (Fla. 1956).
The authoritative starting point of the law in this area of double jeopardy after a mistrial is the benchmark decision in United States v. Perez, 9 Wheat., 22 U.S. 579, 6 L.Ed. 165 (1824), wherein Justice Story formulated the following rule:
We think that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all of the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oath of office.
9 Wheat., 22 U.S., at 580, 6 L.Ed. at 165.
The prosecution has a heavy burden of showing that the retrial after a mistrial is justified by manifest necessity. Brady v. Samaha, 667 F.2d 224 (1st Cir.1981).
In Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), the Supreme Court indicated how strict it was in the application of the principle by the following language:
The discretion to discharge the jury before it has reached a verdict is to be exercised "only in very extraordinary and striking circumstances" to use the words of Mr. Justice Story in United States v. Coolidge, 25 Fed.Cas. 622, 623. For the prohibition of the Double Jeopardy Clause is "not against being twice punished, but against being twice put in jeopardy." United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300.
83 S.Ct. at 1034. Moreover, the court went on to note:
We resolve any doubt "in favor of the liberty of the citizen, rather than exercise *150 what would be an unlimited, uncertain, and arbitrary judicial discretion."
83 S.Ct. at 1035.
In Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the court bottomed its decision on whether the trial judge was acting "in the sole interest of the defendant."
Where the judge, acting without the defendant's consent, aborts the proceedings, the defendant has been deprived of his valued right to have his trial completed by a particular tribunal. See Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1948). The defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. The defendant's option to continue with the trial should not be foreclosed until the scrupulous exercise of judicial discretion leads to the conclusion that the ends of justice would not be served by continuation of the proceedings. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
Another consideration is the threat of bad faith conduct by the prosecutor. The Double Jeopardy Clause bars a retrial solely to afford the prosecutor a more favorable opportunity to convict the defendant. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). For example, the strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence such as when the prosecutor proceeds to trial aware that key witnesses are not available to give testimony and a mistrial is later granted for that reason. Downum v. United States. The prohibition against double jeopardy unquestionably "forbids the prosecutor the use of the first proceeding as a trial run of his case." Note, Twice in Jeopardy, 75 Yale L.J. 262, 287 (1965). See also Commonwealth v. Shaffer, 447 Pa. 91, 288 A.2d 727, cert. denied, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972). State v. Sanborn, 157 Me. 424, 173 A.2d 854 (1961).
Finally, the record strongly suggests that the state may have resorted to its demand for a mistrial only when prospects of acquittal were apparent. Be that as it may, the mistrial was not manifestly necessary under the circumstances of this case. We in no way condone a trial judge conversing with a witness as was done in this case. Nevertheless, we agree with the trial judge who reluctantly dismissed the indictment on the ground of double jeopardy.
Accordingly, we affirm the trial court's decision.
OTT, C.J., and SCHEB, J., concur.