450 So.2d 599 (1984)
Lazaro CORNEIRO, Petitioner,
v.
The Honorable Harold SOLOMON, As Judge of the Circuit Court in and for Dade County, Florida, Respondent.
No. 84-496.
District Court of Appeal of Florida, Third District.
May 29, 1984.
Bennett H. Brummer, Public Defender, and Harold Mendelow, Sp. Asst. Public Defender, for petitioner.
*600 Janet Reno, State Atty., and Anthony C. Musto, Asst. State Atty., for respondent.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
Upon consideration of the petition for writ of prohibition, response thereto, and argument of counsel, we conclude that the trial court's declaration of mistrial and discharge of the sworn jury without obtaining petitioner's consent precludes retrial on double jeopardy grounds.
It is well settled that a defendant in a criminal trial is placed in jeopardy when he is "put to trial on an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been sworn and charged with his deliverance." State v. Iglesias, 374 So.2d 1060, 1062 (Fla. 3d DCA 1979). At this point in a criminal trial, a judge should not declare a mistrial and discharge the jury except in cases of manifest urgency and absolute necessity. State v. Grayson, 90 So.2d 710 (Fla. 1956); State v. Collins, 436 So.2d 147 (Fla. 2d DCA 1983). As stated by the Florida Supreme Court in Grayson at 713:
If the jury is discharged for legally insufficient reasons and without an absolute necessity and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense.
The record under consideration fails to disclose the manifest necessity required to justify the mistrial and clearly establishes that the court declared the mistrial without obtaining Corneiro's consent. Finding, therefore, that a subsequent trial for the same offense would constitute double jeopardy, Grayson, we grant the writ of prohibition.
Writ issued and case remanded with directions to discharge petitioner on the offenses charged in this case.