464 So.2d 639 (1985)
Lazaro CARNEIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1417.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Michael A. Nuzzo, Miami, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Notwithstanding that this court ordered the defendant acquitted on double jeopardy grounds in Corneiro v. Solomon, 450 So.2d 599 (Fla. 3d DCA 1984), the trial judge denied his subsequent timely application for the return of the pistol allegedly employed in the offenses of which he was accused. The defendant appeals. While we understand and may share the lower court's reluctance to do so, the mandatory terms of Sec. 790.08(3), Fla. Stat. (1983)[[1]] require that Carneiro's motion be granted.
Reversed.
NOTES
[1] 790.08 Taking possession of weapons and arms; reports; disposition; custody. 

(3) If the person arrested as aforesaid is acquitted of the offenses mentioned in subsection (2), the said weapons, electric weapons or devices, or arms taken from him as aforesaid shall be returned to him; however, if he fails to call for or receive the same within 60 days from and after his acquittal or the dismissal of the charges against him, the same shall be delivered to the sheriff as aforesaid to be held by him as hereinafter provided. This subsection shall likewise apply to persons and their weapons, electric weapons or devices, or arms who have heretofore been acquitted or the charges against them dismissed.