503 So.2d 991 (1987)
Willie C. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-990.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
*992 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
COBB, Judge.
Pursuant to motion for rehearing filed by the state, we vacate our prior opinion herein filed on December 11, 1986, and substitute the following:
At trial of this criminal prosecution, the trial court, over objection by both the state and the defense, required that opening statements accompany voir dire examination of the jury venire prior to swearing of the trial jury, with the stipulation that the defense could still elect to reserve its opening statement. The trial court saw this procedure as expediting the jury selection process.
On appeal Taylor argues that this unorthodox procedure was prejudicial to the defense because:
... [T]he attorneys are able to observe the demeanor of the prospective jurors as the case is previewed, prior to jeopardy attaching. The voir dire becomes a group discussion of the various attitudes of the jurors concerning specific factual matters of the case. The procedure has less to do with selection of a fair and impartial jury than it does with learning the proclivities of how each prospective juror views and determines the facts of the case.
In response, the state argues that the trial judge's experiment, although novel, does not constitute a palpable abuse of discretion inasmuch as no case law, rule of procedure, or other legal authority specifically proscribes it. Moreover, the state points out that the true objection raised at trial by the defense was that it would force the defense to prematurely reveal its strategy to the state during voir dire. Faced with that objection, the trial judge ruled that the defense was still free to reserve its opening until after presentation of the state's case, and thereafter the defense raised no further objection. In this case there was no prejudicial conduct by the prosecutor during either voir dire or opening statement.
Given this factual context, we find no reversible error in this case. If the procedure below was error, and we believe that it was, then the record demonstrates beyond a reasonable doubt that the error did not contribute to the conviction of Taylor. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Nevertheless, we note several potential problems with the procedure under review. Jeopardy commences only upon the swearing of the trial jury. The absence of jeopardy during opening statement affords the temptation to the state to inject improper comment without the risk of losing the case via mistrial. It also opens the door to voir dire questions seeking commitments from jurors based on the outlined testimony, thereby ascertaining the juror's verdict in advance of his hearing the actual testimony. See Dicks v. State, 83 Fla. 717, 93 So. 137 (1922). Nor can we reconcile the instant procedure with the provisions of section 1.01 of the Florida Standard Jury Instructions in Criminal Cases, which obviously contemplates that opening statements will follow selection and swearing of the jury.
For the foregoing reasons, we disapprove and discourage the procedure of requiring opening statements prior to swearing of the trial jury because of the great potential for error. Cf. DeWitt v. State, 442 So.2d 1029 (Fla. 5th DCA 1983). In some future case, reversal may well result.
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.