533 So.2d 812 (1988)
Andrea D. PARCE and Albin Bobinski, Petitioners,
v.
Honorable James S. BYRD, Etc., Respondent.
Nos. 88-1400, 88-1445.
District Court of Appeal of Florida, Fifth District.
October 6, 1988.
Rehearing Denied November 7, 1988.
*813 Hal G. Uhrig, of Cotter, Uhrig, Valerino & Cohen, P.A., Winter Park, for petitioner, Parce.
David S. Glicken, Orlando, for petitioner, Bobinski.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Judge.
The issue before the court is whether the Double Jeopardy Clauses of the United States[1] and Florida[2] Constitutions are violated when a defendant is retried after the original trial has ended in a mistrial entered by the trial court, sua sponte. Under the facts of this case we conclude that the defendants may not be retried and must be discharged.
Petitioners, who were codefendants below, seek a writ of prohibition to prevent a retrial of charges for trafficking in cocaine and conspiracy to traffic in cocaine. Petitioners' first trial resulted in a mistrial, declared sua sponte by the circuit court.
The mistrial was declared because of the State's violation of the rules of discovery. On the second day of trial, while Officer Kerry Farney of the Orlando Police Department was testifying, it became apparent that Deputy Cannon of the Orange County Sheriff's Office was the "case agent" and that he had prepared written reports of his involvement in the investigation which had not been provided to petitioners even though their attorneys had filed pretrial written demands for discovery pursuant to Florida Rule of Criminal Procedure 3.220(a).
As soon as this became known, petitioners' attorneys moved for sanctions against the State, and requested that the court strike Deputy Cannon as a witness in the trial, or in the alternative, requested that the court dismiss all charges against petitioners. The motion was argued out of the presence of the jury, during which time it was learned that the prosecutor did not have possession of Deputy Cannon's reports. The court then recessed for the noon hour to permit the State to obtain whatever reports Deputy Cannon might have and share them with the attorneys for petitioners. Further argument was then heard on the issue of the missing reports. During the recess, the prosecutor had obtained a copy of a five page report prepared by Deputy Cannon. The attorneys for petitioners stated that they had reason to believe that there were additional reports prepared by Deputy Cannon, and that they would have been better prepared for trial had they received those reports during discovery. For example, Deputy Cannon in his report referred to several meetings which had been electronically recorded, and although the attorneys for petitioners had previously listened to the tapes of those meetings, they were not able to listen to the tapes in light of Deputy Cannon's characterization of the meetings. They contended that allowing Cannon to testify under these circumstances would severely prejudice the defense.
During argument on petitioners' motion for sanctions, the trial court did not conduct a complete Richardson inquiry[3] into whether the discovery violation was willful or inadvertent, or whether there were additional reports that had not been disclosed. Nevertheless, the court found that the defense had been prejudiced by the late disclosure of information, and although it refused to dismiss the charges, instead, sua *814 sponte declared a mistrial. Petitioners subsequently filed motions to dismiss, asserting that there was no sufficient legal reason to declare a mistrial, and therefore a retrial in the case would violate the constitutional prohibition against double jeopardy. The circuit court denied the motion, and the petition for writ of prohibition follows.
Prohibition is a proper remedy to prevent a retrial when a valid double jeopardy argument is raised. See Strawn v. State, 332 So.2d 601 (Fla. 1976). If a jury is discharged before reaching a verdict for legally insufficient reasons and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. State v. Grayson, 90 So.2d 710 (Fla. 1956). In the absence of a motion by the defendant, a mistrial should be declared only where there is a manifest necessity for such action or the ends of public justice would otherwise be defeated. United States v. Perez, 9 Wheat. 579, 580, 22 U.S. 579, 580, 6 L.Ed. 165 (1824), cited with approval in United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1975). The Perez doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option to proceed in the face of prosecutorial or judicial error until a "scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." United States v. Jorn, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, 556 (1971), quoted in Dinitz, 96 S.Ct. at 1080. Petitioners assert that they neither requested nor consented to the mistrial and the reasons for declaring the mistrial did not rise to the level of "manifest necessity." They contend that instead of declaring a mistrial, the court could have barred Cannon from testifying, as they requested, or recessed the case for one or two days to give the State an opportunity to rectify the discovery violation, and give the defense an opportunity to take further depositions and review materials in light of the new evidence.
In denying the motion to dismiss on double jeopardy grounds, the trial court[4] found that the mistrial had been entered for the benefit of the petitioners who did not object, and that it was properly entered in the exercise of the trial court's judicial discretion, relying on State v. Sly, 459 So.2d 479 (Fla. 2d DCA 1984) (mistrial declared for valid reason where defense witness was missing through the fault of neither party, thus rendering continuation of trial impossible or unreasonably prejudicial).
Without doubt, a trial judge in the exercise of sound judicial discretion, may declare a mistrial without the defendant's consent or even over his objection, where, for reasons deemed compelling by the trial judge, the ends of substantial justice cannot be attained without discontinuing the trial. Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); Goodman v. State ex rel. Furlong, 247 So.2d 47 (Fla. 1971). But the trial court's discretionary power is subject to the test of reasonableness, which requires a determination of whether there is logic and justification for the result. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). As noted by the court in State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974):
"... [judicial discretion] is not a naked right to choose between alternatives. There must be a sound and logically valid reason for the choice made. If a trial court's exercise of discretion is upheld whichever choice is made merely because it is not shown to be wrong, and there is no valid reason to support the choice made, then the choice made may just as well have been decided by the toss of a coin. In such case there would be no certainty in the law and no guidance to bench or bar." [Emphasis in original].
294 So.2d at 126.
The prosecution bears a heavy burden of showing that retrial after a mistrial is justified by manifest necessity. State v. Collins, 436 So.2d 147 (Fla. 2d DCA 1983), rev. *815 denied, 434 So.2d 889 (Fla. 1983). We can discern no manifest necessity for the mistrial here. A short recess so that defense counsel could have obtained and reviewed the material and deposed Agent Cannon would most likely have cured the problem. See State ex rel. Mitchell v. Walker, supra. Whether it was the State Attorney's Office or the police agents that were responsible for the discovery violation, the violation resulting in mistrial was attributable to an agency of the state. The defense was not at fault. Cf. Strawn v. State, 332 So.2d 601 (Fla. 1976) (mistrial was not an abuse of discretion because it was declared as a result of defense counsel's unexpected and unorthodox tactic of asking the jury if they had any questions for the defendant). Although respondent suggests that the petitioners are to blame for the confusing situation which resulted in the mistrial, this charge is not substantiated by the record. The attorneys for petitioners were within their proper bounds by moving for sanctions, either to exclude Deputy Cannon as a witness, or in the alternative, to dismiss the charges against petitioners. They indicated to the court that if sanctions were not imposed, they would proceed with the trial, do the best they could and preserve the issue for appeal. Because there were less drastic remedies available to the trial court than declaration of a mistrial, the mistrial was not of legal necessity.
The question remains, however, whether the defendants consented. From the record, it is clear that they did not request it, but neither did they object when the court declared its intention to declare the mistrial. In State v. Grayson, 90 So.2d 710 (Fla. 1956), the court noted that:
In Allen v. State, 52 Fla. 1, 41 So. 593, we held that the silence of the defendant on trial for a crime or his failure to object or protest against an illegal discharge of the jury before verdict does not constitute a consent to such discharge. Such conduct by the accused is not a waiver of the constitutional inhibition against a subsequent trial for the same offense after the improper discharge of the jury. See also, State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244; State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484. [Emphasis in original].
90 So.2d at 713. See also Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983); State v. McNeil, 362 So.2d 93 (Fla. 1st DCA 1978) (silence of defendant or failure to object when trial court grants mistrial at request of state cannot be construed as consent). Contra Sly v. State, 459 So.2d 479 (Fla. 2d DCA 1984),[5] (when a mistrial is granted for the defendant's benefit, "he should either object or be held to have consented"), which appears to be in conflict with Grayson, and with that same court's earlier holding in Spaziano. Cf., Adkins v. Smith, 205 So.2d 530 (Fla. 1967) (defense counsel's suggestion that state should move for a mistrial because of conversation between the judge and an alternate juror when the defendant was not present in the courtroom, held to be tantamount to consent).
Here, defense counsel indicated a willingness to proceed with the trial if sanctions were denied. We cannot imply a consent to a mistrial from this record. Because there was no legally sufficient reason to grant the mistrial and there was no consent by defendants, the mistrial is tantamount to an acquittal and defendants cannot be retried.
Writ GRANTED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] U.S. Const.Amend. V.
[2] Art. I, § 9, Fla. Const.
[3] See Richardson v. State, 246 So.2d 771 (Fla. 1971).
[4] Not the same judge who presided over the original trial.
[5] We believe that the special concurring opinion of Judge Schoonover is correct when it states that a defendant's silence or failure to protest against an improperly granted mistrial neither constitutes consent nor operates to waive the constitutional prohibition against double jeopardy. 459 So.2d at 482.