608 So.2d 532 (1992)
Jack R. PERKINS, Petitioner,
v.
The Honorable Gayle S. GRAZIANO, Circuit Court Judge of Volusia County, Florida, Respondent.
No. 92-2131.
District Court of Appeal of Florida, Fifth District.
November 13, 1992.
Nathan G. Dinitz, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
The petitioner, Jack R. Perkins, seeks a writ of prohibition to bar his retrial after an improvident declaration of mistrial. See Parce v. Byrd, 533 So.2d 812 (Fla. 5th DCA 1988), review denied, 542 So.2d 988 (Fla. 1989). He contends he must be discharged pursuant to his plea of former jeopardy, and he is correct.
Perkins was charged with aggravated battery, and his trial commenced on Monday, July 6, 1992, at which time a six-member jury was selected and sworn. Jeopardy attached at that time. Rawlins v. Kelley, 322 So.2d 10 (Fla. 1975); Taylor v. State, 503 So.2d 991 (Fla. 5th DCA 1987). The trial was then recessed until Friday, July 10, 1992. When court reconvened, however, it was determined that one juror had been erroneously advised by a deputy court clerk that the trial had been cancelled, and that he was excused. The trial judge attempted to contact the missing juror at home by telephone, but was unsuccessful. The defense offered to try the case with five jurors but the state refused. At 10:30 a.m. the court sua sponte declared a mistrial and discharged the jury without exploring the alternatives of continuance to a later time when the presence of the sixth juror could be procured or an alternate juror could be selected.
The issue before us is simply whether there was a "manifest necessity" for declaration of the mistrial. See United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824). A defendant has a *533 "valued right to have his trial completed by a particular tribunal." United States v. Jorn, 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543, 556 (1971). If a jury is discharged before reaching a verdict for legally insufficient reasons and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. State ex. rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956).
The record in the instant case cannot support a finding of manifest necessity for the mistrial. We issue the requested writ and remand this cause to the trial court for discharge of the defendant.
WRIT OF PROHIBITION ISSUED.
GRIFFIN and DIAMANTIS, JJ., concur.