PER CURIAM.
The defendant/petitioner seeks prohibition to prevent a second trial after the trial court’s declaration of a mistrial during the first trial. We grant the petition and direct that the charges be dismissed.
Petitioner was- charged with one count of possession of cocaine with intent to sell, and one count of possession of drug paraphernalia. On March 14, 1994, a jury trial commenced in his prosecution. The following day, after the jury had been sworn and testimony begun, the trial judge learned that the state had failed to disclose to the defense a video, photographs and an oral statement by the defendant.
*318 The evidence in question was not critical to the state’s case.
THE COURT: You are talking about your entire case right now?
PROSECUTOR: Oh, no. This is a very tangential part of the case.
THE COURT: Why don’t you forget it, not use it, why don’t you forget it and—
PROSECUTOR: Your Honor, it’s important. It’s not the crux of the case, but since this is a circumstantial case, I have to put the pieces together bits by bits.
The record reflects the trial judge’s frustration with the state, a serious concern about wasting the jury and court’s time by a delay and — perhaps most important — uncertainty as to the effect of a mistrial, about which effect counsel for both parties were either ignorant or misinformed.
THE COURT: I am giving you the option. If I declare a mistrial, does that put the defendant in double jeopardy?
PROSECUTOR: Not from the State’s perspective.
DEFENSE COUNSEL: Not that I know of, Judge. If mistrial is declared in the midst of trial, it can be retried.
PROSECUTOR: My position, the State’s position is I am not a hundred percent sure that jeopardy will not have attached.
THE COURT: It may have attached. I would think it would. That’s the reason I asked you; that would have been my thought but, you tell me.
PROSECUTOR: If both parties stipulate to a mistrial and the Court, there’s no gross misconduct on the part of the State, that is not found for the basis, I believe that we can try it again. It’s just the State’s position if a Probable Cause Affidavit tells you that dope was found and reciprocate a salt box—
THE COURT: I hear your argument with regard to it.
On behalf of the defense, are you amenable to agreeing to a mistrial with regard to this thing or we should go through the process again? On the defense behalf are you amenable to agreeing to a mistrial with regard to this and we’ll just do it again?
DEFENSE COUNSEL: That’s not my preference Judge, but whatever the Court rules.
THE COURT: You do not want to forgo the evidence?
PROSECUTOR: Excuse me?
THE COURT: You do not wish to forgo the evidence?
PROSECUTOR: The State will forgo everything but the photographs, which are clearly set out in the PC Affidavit.
THE COURT: Does it say in the PC Affidavit that photographs were taken?
PROSECUTOR: No, it doesn’t. That’s why they weren’t provided to the defense.
THE COURT: If you are willing to forgo all the stuff that you showed them yesterday with regard to these matters, I will keep them out with regard to these matters; otherwise, I will declare a mistrial and start again sometime.
What do you want to do?
PROSECUTOR: State can’t agree to that. I will agree to everything.
THE COURT: Bring the jury back if you will please.
(Whereupon, proceedings were had in the presence and hearing of the jury, after which the jury was discharged.)
. After the trial eourt discharged the jury, defense counsel filed a motion to dismiss on the ground that retrial would violate defendant’s rights against double jeopardy as provided in the United States Constitution and Article I, Section 9 of the Florida Constitution. The motion was denied, leading to the instant petition.
Petitioner correctly cites recent authority for the proposition that prohibition is the proper remedy to prevent retrial when a valid double jeopardy challenge is made. See, e.g., Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla.1976); Parce v. Byrd, 533 So.2d 812 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 988 (Fla.1989).
The court in Parce recited the settled principle that in the absence of a motion for *319 mistrial by the defense, a mistrial should be declared only where there is a manifest necessity for that action, or where justice requires it. Id. at 814, citing authorities, including United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). The court also said that the prosecution bears a heavy burden of showing that retrial after a mistrial is justified by manifest necessity. Id. at 814, citing State v. Collins, 436 So.2d 147 (Fla. 2d DCA), pet. for rev. denied, 434 So.2d 889 (Fla.1983). In Parce, the court found no manifest necessity for the mistrial, because a short recess for defense counsel to obtain and review the evidence not previously disclosed could have cured the problem. Thus, because there were “less drastic remedies available to the trial court than declaration of a mistrial,” the court found that mistrial was not “of legal necessity.” Parce, 533 So.2d at 815.
The court also found that the defendants did not consent to the mistrial. Failure to request mistrial or to object to its declaration did not constitute consent. Thus, the court said that because there was no legally sufficient reason to grant mistrial, and because defendants did not consent to it, mistrial was “tantamount to an acquittal” and the defendants could not be retried. Id. The result is the same here.
In Thomason v. State, 620 So.2d 1234 (Fla.1993), the court held that double jeopardy barred the retrial of a defendant for armed kidnapping and aggravated battery when the trial judge, sua sponte, and without considering and rejecting alternatives to mistrial (recess, continuance), declared a mistrial based on its own impression that defense counsel was not competent to proceed due to illness. The court said that any doubt as to whether mistrial is appropriate is to be resolved “in favor of the liberty of the citizen.” Id. at 1237, quoting Downum v. United States, 372 U.S. 734, 738, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100 (1963), (which in turn quoted United States v. Watson, 28 F.Cas. 499, 500-01 (D.C.S.D.N.Y.1868) (No. 16,651). In this case, doubt must be resolved in favor of defendant/petitioner.
The trial judge/respondent urges us not to grant the petition filed herein upon three grounds:
1. He did not abuse his discretion because declaring a mistrial was a manifest necessity. We disagree. The record reflects his failure to rule on defense counsel’s motion to exclude the state’s evidence as well as the recess which both parties sought.
2. Defense counsel consented. We disagree. The foregoing record does not reveal consent nor stipulation.
3. Defense counsel invited the error. We disagree.
More appropriate concerns are whether the trial judge was “led” into error, and, if so, by whom. Defense counsel initially gave an incorrect response to the trial judge’s initial question about the effect of a mistrial; the state’s negligent preparation occasioned the problem and the prosecutor not only was unaware of the effect of a mistrial, but insisted upon the trial court’s effective denial of the defense’s motion to exclude. The prosecutor’s stipulation to a mistrial, combined with defense counsel’s erroneous response about its effect, contributed to the sua sponte declaration of mistrial and its double jeopardy consequence. Having said that, the fact remains that the trial court disregarded or failed to act upon the alternatives of recess and exclusion of evidence. The foregoing combination of factors compel the result reached in this case.
HERSEY, GLICKSTEIN and STONE, JJ., concur.