HOBSON, Judge.
Appellant, Acting County Judge of Charlotte County, appeals a final Circuit Court order entering an Absolute Writ of Pro *787 hibition against his taking any further action against appellee, a former county sheriff, on an information charging appel-lee with malfeasance in office. The order appealed also directed appellee’s discharge from custody.
On January 10, 1967, an indictment was returned charging the defendant with the crime of malfeasance in office. The matter came on for trial in county court on August 28, 1967, and the jury was impaneled and sworn. At that time, the trial was continued to August 30,1967.
After the jury was brought into the courtroom on the 30th, the following transpired:
“THE COURT: Gentlemen, I have a doctor’s certificate here. I suppose all of you gentlemen have heard by now that Mr. Safron, the Prosecuting Attorney, was sent to the hospital yesterday in the emergency room with bleeding ulcers. This Court will be forced to declare a mistrial on this case.
And you will be excused for the jury service. You need not report any more. I wish to thank you on your attendance and being here. Please go by the Clerk’s Office and get your remuneration. I will have to draw another jury in. I wish to thank you again because, as I commented to Mr. Safron and Mr. Schoonover last week, you are a mighty fine looking bunch of jurymen. I think this case would have been tried according to the evidence from the witness stand. I think you all would have made good jurymen. I am sorry we won’t be able to work together. You all will be excused.
Put this doctor’s certificate in the record, Miss Clerk.
I will read it.
‘To Whom it May Concern:
‘August 30, 1967.
T have today admitted Mr. Elwood P. Safron to St. Joseph’s Hospital, Port Charlotte, and he will be unable to appear in Court today.
'The length of his confinement is indefinite.’
Signed: ‘A. T. Janulis, M.D.’
Let the Record show that all the witnesses that have been subpoenaed here at this term of Court will be excused, and you will not be called again until you received (sic.) summonses for this next jury trial, which will be some time next month.
Please show that a mistrial has been ordered in this case.
(Proceedings concluded.)”
It should be noted here that this mistrial was declared by the court without the taking of any testimony, without the consent of the defendant (appellee herein), and without determining whether the circumstance herein infected the trial.
Following this mistrial, the indictment referred to above was nolle prosequi by the county attorney who, within two weeks of the mistrial, filed a direct information against the appellee herein charging him with the same malfeasance in office as was charged in the indictment referred to above.
After appellee’s motion to quash the above information (on the ground that he had formerly been placed in jeopardy) had been denied, appellee filed a Suggestion for Writ of Prohibition. An Absolute Writ of Prohibition was entered against appellant as acting county judge and this appeal ensued.
The sole consideration on this appeal is whether the lower court acted properly in prohibiting appellant from proceeding with appellee’s trial.
Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A. provides :
“No person shall be subject to be twice put in jeopardy for the same offence * * * ”
*788 Mr. Justice Mathews in speaking for the Florida Supreme Court in Bizzell v. State, 71 So.2d 735, at page 738, ably set forth the purposes behind the above constitutional guarantee:
“The right to he placed in jeopardy only once for the same offense is guaranteed to every citizen. It is not for the purpose of protecting criminals, but is to protect the citizens against the once-existing power of the State, or the sovereign, to continue prosecutions and trials of the same person for the same offense until a conviction is obtained, or the defendant is ruined by the time, expenses and annoyance of such successive prosecutions.”
In State ex rel. Larkins v. Lewis, Circuit Judge, Fla.1951, 54 So.2d 199, at page 201, the Supreme Court of Florida stated:
“The question of what constitutes prior jeopardy was considered by this court in Allen v. State, 52 Fla. 1, 41 So. 593; State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244, and State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484. These cases do not furnish a pattern to rule the case at bar, but they approve the well settled rule that jeopardy attaches when the court is legally constituted, has jurisdiction of the cause and the accused, when the charge is legally sufficient on which to predicate a verdict and judgment and when the jury is sworn, unless there arises a manifest, urgent or absolute necessity in the interest of justice that a mistrial be declared and the jury discharged.
“If the jury is discharged for reasons that are legally insufficient and devoid of absolute necessity and without defendant’s consent, the discharge is equivalent to an acquittal and may be pleaded in bar to further trial or subsequent indictment. The trial court must necessarily determine whether or not these elements inhere in or infect the trial before he is authorized to declare a mistrial and discharge the jury. The circumstances in each case must guide him in reaching his determination.”
In Reyes v. Kelly, Fla.App.1967, 204 So.2d 534, this court, speaking through Judge Pierce, set forth at page 537 some legally sufficient reasons which would permit a jury’s discharge.
“* * * [W] here the jury is discharged for a legally sufficient reason such as ‘(a) the illness of the Judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) the consent of the accused himself’, there is no jeopardy, or if technical jeopardy attached by the previous swearing of the jury it becomes extinguished, insofar as it precludes 'a subsequent trial.”
While the illness of a prosecuting attorney might be a legally sufficient reason to declare a mistrial and discharge a jury, it is not legally sufficient in the case sub judice, as the court below declared a mistrial without the taking of any testimony to determine how long the prosecuting attorney would be absent. It may have been that the prosecuting attorney could have proceeded again with the trial in a day or two. It does appear from the record that the county attorney filed a direct information against the appellee within two weeks of the mistrial. Unless such inquiry is made it is not possible to definitely determine whether a manifest, urgent and absolute necessity exists for which a mistrial should be declared. In addition, the mere entry into the record of a doctor’s certificate without the doctor himself testifying deprived the defendant-appellee of any opportunity to cross-examine concerning the illness of the prosecutor.
Absent a judicial inquiry and an opportunity for the defendant to cross-examine, no legally sufficient reason permitting the discharge of the jury without jeopardy attaching can be made to appear. To hold otherwise would contravene the rights of citizens as guaranteed and set out above in *789 Section 12 of the Declaration of Rights of the Florida Constitution.
Therefore, it is our holding that the sworn jury here was discharged before a verdict, without consent of the defendant and for a reason not legally sufficient. Such being the case, the discharge constituted former jeopardy and the writ of prohibition issued by the lower court was proper.
Appellant’s other point on appeal has been considered and found to be without merit.
Affirmed.
PIERCE, A. C. J., and MANN, J., concur.