CARLTON, Associate Judge.
Appellant was charged with Larceny of a Motor Vehicle. He was found guilty as charged and he appeals Final Judgment. During the first day of trial the jury was empaneled, sworn and given their preliminary instructions. At the end of the first day and before opening statements or any evidence was presented the Court excused the jury until the following morning. When the trial was resumed the following day, the Court advised the parties that a member of the original jury would not be present due to a death of his nephew. The Court stated that this juror’s “nephew was electrocuted and that he was the only person who could make arrangements for the funeral being the closest relative and he was in a state of emotional disturbance and could not make the trial here today.” The Court then stated that the parties could either try the case before the five remaining jurors or they could select a sixth juror. Defense counsel objected to both alternatives and requested a third alternative, a mis-trial. The objection was based on the fact that the five member jury would be prejudicial to Appellant and the jeopardy attached when the jury was formed the preceding day. The Court overruled the objection and ordered the parties to select a sixth juror. The Court granted each party three peremptory challenges for the purpose of selecting a sixth juror. The opening statements commenced and evidence presented, when the sixth juror was selected, sworn and instructed. Appellant was found guilty as charged.
Appellant raised two points on appeal. We will only consider Point One.
It is Appellant’s position that he should have been granted a mis-trial and allowed to begin over, selecting an entire new jury. Appellant did not consent to the proceeding to trial and thus was denied the right to proceed with one jury. Thus the trial violated the prohibition against double jeopardy. In support of this contention, Appellant cites the cases of Bryant v. Stickley, 215 So.2d 786 (Fla.App. 2 1968) and State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla.App. 2 1974). We disagree.
A trial judge should discharge a jury only in cases of manifest urgency and absolute necessity. State v. Grayson, 90 So.2d 710 (Florida 1956). Circumstances legally sufficient to justify discharge have been held to include illness of the judge, accused, or juror requiring their absence from the Court. Reyes v. Kelly, 204 So.2d 534 (Fla.App. 2 1967); State ex rel. Hand v. Lane, 209 So.2d 873 (Fla.App. 2 1968). It is likewise true that a discharge of a jury without legally sufficient reason will be found to be the same as an acquittal of the defendant when he has not consented to the jury’s discharge under the jeopardy theory. State v. Lanier, 205 So.2d 671 (Fla.App. 2 1968).
In the present case the trial court did not discharge the jury but reopened jury selection when a juror was excused for good cause. Appellant has in no way demonstrated prejudice in the empaneling of a replacement juror after the initial jury was formed.
In Worthington v. State, 183 So.2d 728 (Fla.App. 3 1966), a First Degree Murder Case, the Appellant contended that the trial court’s discharge of two jurors for their personal convenience during the trial constituted an acquittal of the Appellant. The Appellate Court, affirmed, failing to find any error, disposed of that assertion, “Upon the authority of State ex rel. Larkins v. Lewis, Fla.1951, 54 So.2d 199.”
Appellant relies on Bryant v. Stickley, 215 So.2d 786 (Fla.App. 2 1968). In Bryant the Court discharged an entire jury because of illness of the prosecutor. In the present case the Court only excused one juror after the jury was sworn for good cause because of death in the family. A new juror was selected after giving the parties three additional challenges. The appellant has shown no prejudice.
Affirmed.
CROSS and ALDERMAN, JJ., concur.