385 So.2d 110 (1980)
Eddy OSTANE, Petitioner,
v.
The Honorable Richard S. HICKEY, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 80-191.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Rehearing Denied July 18, 1980.
*111 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for petitioner.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for respondent.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
We grant defendant's petition for Writ of Prohibition[1] pursuant to the authority of United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), and Bryant v. Stickley, 215 So.2d 786 (Fla. 2d DCA 1968). These cases require the trial court to exercise a sound discretion to assure that, taking all circumstances into account, there was a manifest necessity to declare a mistrial and that no reasonable alternative in the form of a recess existed.
We recognize that the circumstances as they appeared to the trial judge  that an essential state witness had been stabbed in front of the courthouse and that the witness was observed in a pool of blood prior to being taken away in an ambulance  may have suggested the proceedings could not continue in accordance with a fair trial, but defendant's objection to the declaration of a mistrial obligated the trial judge to consider whether a reasonable alternative such as a recess might not alleviate the problem. Instead, without any inquiry into the seriousness of the witness's injury or as to the length of time required for the witness's recovery, the trial judge, over defendant's objection, declared a mistrial.
Yet, in the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate.
United States v. Jorn, 400 U.S. at 486, 91 S.Ct. at 558, 27 L.Ed.2d 557.
The trial judge acted without proof of a legally sufficient reason to discharge the jury. While illness might be a legally sufficient reason to declare a mistrial and discharge a jury, it is not legally sufficient in this case as the court declared a mistrial without taking any testimony to determine how long the witness would be absent. Bryant v. Stickley, supra. As it happened, the witness would have been available after a short recess, a fact discoverable upon inquiry.
Absent a judicial inquiry and an opportunity for the defendant to cross-examine, no legally sufficient reason permitting the discharge of the jury without jeopardy attaching can be made to appear. To hold otherwise would contravene the rights of citizens as guaranteed and set out ... in Section 12 of the Declaration of Rights of the Florida Constitution.
Bryant v. Stickley, supra at 788-89.
Because the defendant was placed in jeopardy in the first trial, retrial is barred in the absence of any legally sufficient reason for the trial judge to have declared a mistrial.
Having considered the petition, the response, and the reply, we grant the petition for Writ of Prohibition. Issuance of the formal writ is withheld, however, in full *112 confidence that the trial court will discharge petitioner in accordance with the law as set forth in this opinion.
NOTES
[1] We have jurisdiction to entertain this petition. Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla. 1976); Art. V, § 4(b)(3), Fla. Const. (1972); Fla.R.App.P. 9.100(a).