429 So.2d 1344 (1983)
Thomas Dominic SPAZIANO, a/K/a Steven Jerry Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1114.
District Court of Appeal of Florida, Second District.
April 20, 1983.
*1345 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Thomas Dominic Spaziano, has appealed from an order denying his motion to dismiss the charge filed against him. He contends that the trial court erred when it granted the state's motion for mistrial during his trial for theft of a motor vehicle, and the state is therefore precluded from placing him in jeopardy again. We agree and accordingly reverse.
During the appellant's opening statement, his attorney informed the jury that they would hear testimony that the appellant had borrowed the car in question from an acquaintance. However, the appellant subsequently rested without presenting any evidence. At this point, the state moved for a mistrial on the ground that the appellant had given an explanation of his defense to the jury, and by not presenting any evidence, the state was precluded from cross-examining the appellant's announced defense. After the court and the attorneys could not agree on a curative instruction, the court granted the state's motion. The appellant then filed a motion to dismiss the charge filed against him on the ground of former jeopardy. When this motion was denied, the appellant withdrew his plea of not guilty, entered a plea of nolo contendere to the charge, and reserved his right to appeal the denial of his motion. After judgment and sentence had been entered, this appeal was timely filed.
A person is placed in jeopardy when he is put on trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been impaneled, sworn, and charged with his deliverance. State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956). When this point has been reached, as in the case sub judice, a trial judge should exercise his power to discharge the jury only in cases of manifest, urgent, or absolute necessity. If the jury is discharged without the defendant's consent, for a legally insufficient reason, and without an absolute necessity, such a discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. State ex rel. Williams v. Grayson.
The appellant did not consent to the discharge of the jury by entering into a conversation with the court and opposing *1346 counsel concerning a possible curative instruction. A defendant's silence or his failure to object or protest against an illegal discharge of the jury before a verdict, does not constitute a consent, and is not a waiver of the constitutional prohibition against a subsequent trial for the same offense if the jury has been improperly discharged. State ex rel. Williams v. Grayson.
When a mistrial is granted over a defendant's objection, the prosecution has a heavy burden to show that the mistrial was justified by manifest necessity. Brady v. Samaha, 667 F.2d 224 (1st Cir.1981). The prosecution has not sustained its burden in the case sub judice.
In the case of State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974), this court held that a valid reason for declaring a mistrial must be predicated on either of two bases: (1) On some misfortune[1] which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interest of either the judicial process itself, the defendant, the state, or both, or (2) upon some unfair or wrongful tactic, action or conduct on the part of the defendant, by which a substantial interest in the state is unfairly frustrated or embarrassed. We find neither basis to support the mistrial granted in the case sub judice.
The misfortune complained of in this case, i.e., the appellant's attorney informing the jury that certain evidence would be presented, and then not presenting said evidence, did not render continuation of the trial impossible or unreasonably prejudicial to the substantial interests of the judicial process or to the state. Appellant's opening statement did not constitute evidence, and the jury was so informed. Whitted v. State, 362 So.2d 668 (Fla. 1978). An attorney may outline the facts which he in good faith expects to prove and which are competent to prove. Paul v. State, 209 So.2d 464 (Fla. 3d DCA 1968). The state could have protected itself from the possibility that the jury might consider the appellant's remarks as evidence by reminding the jury in its closing argument that representations by defense counsel in opening statements may not be considered as evidence.
The order granting the mistrial also cannot be sustained because of an unfair or wrongful tactic, action, or conduct on the part of the defendant by which a substantial interest of the state is unfairly frustrated or embarrassed. As previously mentioned, we find no substantial interest of the state was unfairly frustrated or embarrassed. Additionally, an attorney who in good faith expects his client to testify and gives an opening statement on the basis of that expectation, does not commit a wrongful act if he and/or his client, after hearing the state's case against him, decides to exercise his right to remain silent.[2] A person on trial often makes tactical changes in his defense as the trial progresses. Absent improper conduct on the part of the attorney or the defendant, the right to make these changes should not be prohibited.
We accordingly reverse and remand with instructions to discharge the defendant on this charge.
HOBSON, A.C.J., and DANAHY, J., concur.
NOTES
[1] For, e.g., a hung jury; illness of a juror, Ellis v. State, 25 Fla. 702, 6 So. 768 (1889), illness of the judge, State ex rel. Williams v. Grayson, supra; under certain circumstances, the illness of the prosecutor, Bryant v. Stickley, 215 So.2d 786 (Fla. 2d DCA 1968).
[2] After the appellant's attorney announced that the appellant had chosen not to testify, the court made the announcement that he was confident that the attorney, as an officer of the court, believed the evidence would show what he said it would at the time he made his opening statement, or he wouldn't have made such a statement. There is no evidence, or even suggestion in this record, that this was not a correct statement.