459 So.2d 479 (1984)
STATE of Florida, Appellant,
v.
Dan SLY, III, Appellee.
No. 83-2350.
District Court of Appeal of Florida, Second District.
November 30, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Michael P. Haymans of Farr, Farr, Haymans, Moseley, Emerich & Sifrit, Punta Gorda, for appellee.
CAMPBELL, Judge.
Appellant, State of Florida, appeals the order of the trial court discharging appellee under the speedy trial rule, Florida Rule of Criminal Procedure 3.191(a)(1). We reverse.
Appellee was arrested on April 12, 1983, and charged with trafficking in cocaine, conspiracy to traffic in cocaine and possession of cocaine. On Tuesday, September 13, 1983, appellee's trial began.
The first day of trial was consumed by jury selection. A jury was selected and sworn by the conclusion of the first day. At 9:00 a.m., on Wednesday, September 14, 1983, at the beginning of the second day of trial, and before any witnesses were called, counsel for appellee moved to dismiss the charges against appellee. Appellee's motion was based on allegations of violation of his constitutional rights to due process.
The motion alleged the unavailability of Linda Bailey, a confidential informant and material defense witness. Outside the presence of the jury, counsel for appellee informed the court that the only address he had for the confidential informant was in care of the Charlotte County Sheriff. It was conceded that she had been produced through that address on prior occasions in the proceeding below for the purpose of defense depositions. Appellee represented to the court that a subpoena for the witness to appear for trial on Tuesday, September 13, 1983, had been delivered to the Charlotte County Sheriff's Office on Friday morning, September 9, 1983. He further represented, and the state conceded, that the witness was a material defense witness, crucial to appellee. The court acknowledged that because of other proceedings in the case, it was well aware of the critical nature of the witness's testimony, as well as an awareness of the need and justification that any information as to her whereabouts not be published.
Interestingly, appellee's motion to dismiss makes an unexplained assertion that *480 an attempt to serve the subpoena on the witness had also been made through the DeSoto County Sheriff's Office.
Appellee alleged that while counsel for the state had been cooperative in an attempt to secure the presence of the witness for trial, the Charlotte County Sheriff's Office had been uncooperative. This allegation against the Charlotte County Sheriff's Office was based on a representation by appellee's counsel that he had delivered the subpoena to a civil clerk of the sheriff on Friday morning; that the same clerk had presented it to an agent for service on Friday afternoon, and; that agent had indicated something to the effect that since he did not work on Saturdays, he would not attempt service until Monday. Appellee's counsel concluded his argument for dismissal by stating:
They have an obligation to provide her, they  at least one agent in the Sheriff's Office was derelict in that obligation, and that  and it's resulted in a prejudicial situation for this defendant. If we go through trial, all the way through trial and Linda Bailey does not show up, then, Your Honor, I feel that the whole time would have been wasted; I don't believe there's any indication that she can or will be found before the end of this trial.
The state responded that:
I would conceed [sic] that Linda Bailey  her address has been given to the defense as being the Charlotte County Sheriff's Department, she has been produced on prior occasions on this particular case to give depositions; since the time of the subpoena being served efforts have been made, those efforts continued until shortly before this court proceeding, Your Honor. Certainly last night three agents from the Special Investigations Division of the Charlotte County Sheriff's Department were out looking for Miss Bailey all evening. Without success.
We at this time candidly cannot tell the Court when she will be available. However, I would also state, Your Honor, that speedy trial has not yet run in this particular matter. I do not know that  if a Motion to Dismiss is in fact the avenue to be taken instead of, perhaps, a mistrial. But I cannot give the Court any assurances that this individual can be produced tomorrow, the next day, next week, or next month.
The court thereupon announced "[i]n an abundance of caution," it would "declare a mistrial at this time."
Thereafter, on October 19, 1983, appellee filed another motion for dismissal and discharge. He asked for discharge pursuant to Rule 3.191(a), on the grounds that on October 9, 1983, the 180-day speedy trial period had elapsed. Appellee's alternative motion to dismiss was brought pursuant to Florida Rule of Criminal Procedure 3.190(b), on the grounds of double jeopardy. Appellee alleged the previous mistrial was declared due to state misconduct. A hearing on that motion was held on October 24, 1983.
During that hearing, only two witnesses testified very briefly. First to testify was the Charlotte County Sheriff's agent who received the subpoena from the civil clerk for service. His testimony was that he received the subpoena on Friday afternoon, September 9, 1983, for the witness's appearance on Tuesday, September 13, 1983. He testified he told the civil clerk he did not work on weekends, but that his reason for doing so was that "I work every weekend; I don't let everybody know what my business is." He also testified he tried to serve the subpoena on Saturday by going out-of-town to look for the witness.
The civil clerk also testified. Her testimony was, in essence, no more than she had delivered the subpoena to the agent for service, who informed her he did not work weekends. She further testified that she vaguely remembered telling appellee's counsel on Monday morning, September 12, 1983, that they were having a "problem getting service."
We conclude that the court was in error to dismiss the charges against appellee on the basis of the speedy trial rule. Rule 3.191(d)(3)(g) clearly provides that when a *481 mistrial has been granted, the defendant must be brought to trial within ninety days from the date of the mistrial. The time for trial under that provision would not have expired until December 12, 1984.
We cannot conclude that the evidence supports the argument of the appellee that the mistrial was granted because of misconduct of the state. There is no evidence that the sheriff's office did not use reasonable diligence to serve the missing witness. There is no evidence that the state, in any way, was secreting the witness or preventing her from testifying.
The only evidence tends to show the fact to be that no one knew where she was so that she could be served. The witness was not a state's witness. Her deposition had been previously taken by appellee and she was to be appellee's witness. All of the cases which declare the impropriety of a mistrial so as to prevent the state from bringing the case to trial again, can be distinguished. First of all, it must be noted that though appellee did not request a mistrial, he did not object to it. Although merely standing silent when a mistrial is improperly granted will not impute consent to a defendant, when the mistrial is for the defendant's benefit he should either object or be held to have consented.
In this case, the missing witness was a witness crucial to the defense. Both the state and defendant conceded they did not know her whereabouts or when she could be found. We feel the original mistrial by the trial court here was a wise decision for the benefit of the defense and analogous to the case of State Ex Rel. Larkins v. Lewis, 54 So.2d 199 (Fla. 1951).
Ostane v. Hickey, 385 So.2d 110 (Fla. 3d DCA 1980), wherein the court declared a mistrial improper and reprosecution barred by double jeopardy, is factually distinguishable. The trial judge in that case had declared a mistrial at the request of the state when an essential state's witness was stabbed in front of the courthouse after trial had commenced. The trial judge acted without any knowledge as to when the witness would be available. The appellate court concluded that a single inquiry by the trial court would have determined the witness would have been available after a short recess. The mistrial was therefore improper over objections by the defendant.
Ostane relied on the decision of this court in Bryant v. Stickley, 215 So.2d 786 (Fla. 2d DCA 1968). That case is also distinguishable. There, after trial had commenced, the trial judge received a doctor's statement that the prosecuting attorney had been admitted to the hospital. The state requested a mistrial. This court, in holding that further prosecution was barred by double jeopardy, did so on the basis that the "mistrial was declared by the court without the taking of any testimony, without the consent of the defendant (appellee herein), and without determining whether the circumstances herein infected the trial." Again, the mistrial was for the benefit of the state, not the defendant. Bryant at 787.
We consider the trial court to have had a valid reason for declaring a mistrial in this case. In State Ex Rel. Mitchell v. Walker, 294 So.2d 124, 127 (Fla. 2d DCA 1974), this court held that the choice of declaring a mistrial over a defendant's objection must be supported by a "valid reason." The "`valid reason' for so declaring a mistrial must be predicated either on some misfortune which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interests of either the judicial process itself, the defendant, the state or both... ."
We find no cause here to alter our conclusions because no witnesses were called to establish the essential facts before the trial judge declared a mistrial. The facts were not in dispute and were acknowledged by both appellee and the state and the trial judge himself expressed familiarity with most of the circumstances. It does not appear that even at the subsequent hearing on October 24, 1983, could anyone present testimony as to the whereabouts of the witness or when she might be available.
*482 Appellee argues a number of cases which have to do with disclosure of confidential informants to the defense. Those cases are not pertinent here. The appellee was well aware of the existence of the witness, had deposed her and issued a subpoena for trial. The state's misconduct is alleged in not producing her at trial. We think the reasoning of the court in State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981), is applicable. The state is not ordinarily obliged, at pain of dismissal, to produce defense witnesses. Even here, where the address was furnished in care of the sheriff, there is no indication that the prosecution improperly concealed the witness's whereabouts or induced her to disappear.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., concurs.
SCHOONOVER, J., concurs specially with opinion.
SCHOONOVER, Judge, concurs specially.
I agree with the result reached by the majority. The trial court did not err in denying appellee's motion to dismiss or in finding a valid reason for declaring a mistrial. Once the mistrial was properly declared, rules 3.191(d)(3) and (g) became applicable and the state had ninety days to bring appellee to trial.
I disagree with the portion of the majority opinion stating that "although merely standing silent when a mistrial is improperly granted will not impute consent to a defendant, when the mistrial is for the defendant's benefit he should either object or be held to have consented."
If, as we have held in this case, there arises a manifest, urgent, or absolute necessity in the interest of justice to declare a mistrial, the defendant's consent is not required for the declaration of mistrial to be proper. See State ex rel. Larkins. Conversely, when a mistrial is declared without legally sufficient reason or absolute necessity, the discharge of the jury is equivalent to an acquittal, and a subsequent trial for the same offense is precluded if the defendant did not consent to the mistrial. State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956); State ex rel. Larkins. A defendant's silence or failure to protest against an improperly granted mistrial neither constitutes consent nor operates to waive the constitutional prohibition against double jeopardy. State ex rel. Williams; Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). I see no reason to change this rule in cases where a mistrial benefits the defendant. See United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); State ex rel. Larkins; Allen v. State, 52 Fla. 1, 41 So. 593 (1906).
I therefore concur with the result reached by the majority, but disagree with that portion of the opinion hereinabove discussed.