PER CURIAM.
James Holmes petitions this court for a writ of certiorari to review a decision of the circuit court “acting in its appellate jurisdiction.” Since the proceeding below was a petition for a writ of prohibition, we treat Holmes’ present petition as a direct appeal. See, e.g., State ex rel. Dunscombe v. Smith, 56 So.2d 536 (Fla.1952).
Holmes was charged in county court with driving while under the influence of alcohol and resisting arrest without violence. Upon timely motion by Holmes the two related offenses were consolidated for a single non-jury trial. On the date scheduled for trial the court called both cases. The state produced one witness, an officer who described Holmes’ struggle with police while being transported from a hospital to the stationhouse. This witness had not been present at the time of Holmes’ arrest and did not observe Holmes driving. Defense counsel therefore moved for a judgment of acquittal on the charge of driving while under the influence, whereupon the Assistant State Attorney indicated she was unaware both charges were to be tried that day. Over Holmes’ objection the trial judge declared a mistrial on both charges.
The circuit court denied Holmes’ petition for a writ of prohibition, stating that the trial court “properly declared a mistrial.” We disagree. A mistrial may be declared over a defendant’s objection only in instances of “manifest necessity” or misconduct on the part of the defendant. Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). Retrial of the defendant otherwise violates the constitutional prohibition against double jeopardy.[1] It has not been suggested that this case involves misconduct by Holmes, and we reject appellee’s contention that manifest necessity arose because “the state had no real notice that it was trying the [D.U.I.] case. Although the confusion may have been partly attributable to an error in the docket prepared by the clerk or to reassignment to a different prosecutor, the state should have been aware that the two cases previously had been consolidated. The order of the circuit court is reversed with directions to issue the writ of prohibition.
CAMPBELL, Acting C.J., and SCHOON-OVER and LEHAN, JJ., concur.

. In a non-jury trial jeopardy attaches when the court begins to hear evidence. Bernard v. State, 261 So.2d 133 (Fla.1972).