PER CURIAM.
The trial judge granted a mistrial in this case over the objection of the petitioner’s attorney. Petitioner filed a motion to dismiss alleging that any retrial on this charge would be prohibited by the double jeopardy clauses of the Florida and United State Constitutions. The motion to dismiss was denied by the trial judge, and this petition for prohibition ensued.
The law is well established that a mistrial may be granted over a defendant’s objection only in instances of “manifest necessity” or for misconduct on the part of the defendant. Otherwise, subjecting the defendant to retrial violates the constitutional prohibition against double jeopardy. See Holmes v. Bonanno, 484 So.2d 77 (Fla. 2d DCA 1986).
The mistrial herein was granted during the testimony of Maria Thomas, a state’s witness. On cross-examination, defense counsel asked Ms. Thomas if defendant was a witness in a civil suit against her mother. The assistant state attorney objected and asked for a mistrial. There followed a colloquy, concluding as follows:
THE COURT: Are you in a position to show that her parents have a law suit against him?
MR. DENHART: I think when he testifies he’s going to say he’s a witness, an adverse witness.
MR. MANSFIELD: Now we go from filing a law suit to a witness.
MR. DENHART: That’s what I said, if he was a witness, in an adverse position to your mother. That’s what I asked.
THE COURT: Are you in a position to show that prior to this event one or more of her parents had a law suit against him?
MR. DENHART: Not against her, he’s an adverse witness to them.
THE COURT: Then I’ll grant the motion, declare a mistrial.
Thus, it appears that the focus of the inquiry quickly shifted from whether the attorney for petitioner had any basis for the question asked to whether the alleged law suit was against petitioner as opposed to whether petitioner was merely a witness in the law suit. We find no basis for entry of a mistrial. Indeed, the question asked by petitioner’s attorney on cross-examination may have been proper to show bias in the light of a full inquiry as to whether there was any basis therefor. In any evént, there was no “manifest necessity” for a mistrial.
Prohibition granted.
SCHEB, A.C.J., and HALL and ALTENBERND, JJ., concur.