756 So.2d 244 (2000)
Anthony CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1153.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
James B. Gibson, Public Defender, and George D.E. Burden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, *245 Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant, Anthony Clark, appeals from a judgment of conviction for resisting arrest with violence, contending that trial on this charge was barred on double jeopardy grounds. We disagree and affirm.
Clark was originally charged with resisting arrest with violence, possession of cocaine, possession of not more than 20 grams of cannabis and two counts of battery on a law enforcement officer. On the first day of trial after the jury was sworn, the state filed an amended information and announced a nol pros as to two counts, possession of cocaine and possession of cannabis, advising the court that the state had lost the drugs which were to be introduced into evidence. Appellant responded by making a motion in limine to exclude any evidence that appellant was engaged in a drug transaction prior to being pursued by the police. The trial court granted the motion in limine. Near the close of opening argument defense counsel stated:
Now, as you may have noticed, there are no drugs. There are no drug charges. There are no drugs. Officer's thinking he sees a drug deal. There are no drugs recovered from anyone.
Upon conclusion of defense counsel's opening statement, the state in response requested permission to call Officer Batallico to explain to the jury about the missing drugs. The trial court denied the request.
Following a bench conference, the trial judge had the jury leave the courtroom, and then indicated to counsel that a mistrial would be an appropriate remedy for defense counsel's misstatement, saying: "What you said is they didn't find drugs, you can't give a statement that's not true. They found drugs." Defense counsel objected to a mistrial, and requested a curative instruction. The court denied this request after a lengthy conference with both counsel at which time various alternatives were discussed. It concluded that there was no way to have a clean trial because of the violation by defense counsel of the motion in limine, and that any attempt to cure this violation, although inadvertent, would shift the entire focus of the trial. A curative instruction to disregard the drugs or permitting the state to produce evidence that the drugs were lost would, in either case, unduly prejudice the jury and prevent a fair and clean trial. On this basis, the court declared a mistrial.
Before retrial, appellant filed a motion to dismiss on double jeopardy grounds. The trial court denied the motion to dismiss finding that the mistrial was declared based upon manifest necessity and in the interest of justice. Appellant was subsequently retried, and the jury found him guilty of resisting an officer with violence, and not guilty of the two counts of battery on a law enforcement officer.
The double jeopardy clause of the Fifth Amendment protects the defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense. Underlying this constitutional safeguard is the belief that the state with all of its resources and powers should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in an continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
If a defendant requests a mistrial, there is generally not a double jeopardy problem, unless the state in bad faith intentionally goads the defendant into seeking a mistrial to gain an unfair advantage. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
If a mistrial has been declared without the defendant's consent, a retrial can occur only where there was a manifest *246 necessity for the mistrial, or the ends of public justice would otherwise be defeated. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Sometimes a mistrial is necessary because of inappropriate remarks or conduct by a defendant or defense counsel, even if defense counsel objects and the defendant does not waive his double jeopardy rights.
In Abdi v. Georgia, 744 F.2d 1500 (11th Cir.1984), cert. denied, 471 U.S. 1006, 105 S.Ct. 1871, 85 L.Ed.2d 164 (1985), the court reversed an order granting habeas corpus relief to a defendant who claimed a double jeopardy defense after a mistrial was declared when his defense counsel asked questions specifically prohibited by Georgia law. The court said:
The decision of the state trial court that mistrial was a manifest necessity deserves great deference. This is especially true when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice. The trial court's determination might carry less weight where prosecutorial misconduct leads to a mistrial of some tactical benefit to the government, because the manifest necessity doctrine resists precisely this sort of evil. But the trial court's conclusion in this case is entitled to special deference since there is no suggestion of prosecutorial misconduct. 744 F.2d at 1503. (Citations omitted).
In the case before us, defense counsel caused the problem which led to the declaration of mistrial. After the trial court had granted the defendant's motion in limine to exclude any reference to drugs during trial, defense counsel referred to drugs in opening argument and made an untrue statement that drugs were absent at the scene of the crime. The trial judge considered other alternatives prior to granting a mistrial, but concluded that they could not be pursued. To allow the state to present the testimony of a police officer that drugs were found at the scene of the crime would also have violated the order granting the motion in limine, and would have shifted the focus of the trial. A curative instruction that drugs would not be involved in the trial would have reinforced defense counsel's misstatement made during opening argument. On the other hand, if the judge had instructed the jury that drugs were found at the scene of the crime, or allowed the state to present evidence to cure the misrepresentation, defendant would have been harmed because the jury would have been apprised of the presence of drugs at his arrest. Defense counsel's integrity also could have been compromised as the jury may have felt that he intentionally misled them during opening argument. The mistrial in this case was necessary to give both the state and defense a fair trial, and it appears that the court in declaring a mistrial acted in good faith and was not in any way trying to harass the defendant or subject him to multiple prosecutions in order to give the state an unfair advantage in obtaining a conviction.
AFFIRMED.
COBB and HARRIS, JJ., concur.