TAYLOR, J.
Appellant was convicted of possession of a firearm by a convicted felon. We reverse his conviction and remand for a new trial because the trial court infringed upon appellant’s right to remain silent by threatening a mistrial if he failed to testify to support comments made by defense counsel in opening statement.
After stopping appellant for speeding and placing him in custody for driving with a suspended license, the arresting officer conducted an inventory search of the car and found a firearm contained in a black pouch on the front seat floor board. Appellant was charged with possession of a firearm by a convicted felon and driving without a valid driver’s license.
At the beginning of trial, the court granted the state’s motion in limine to exclude testimony from the arresting officer that he learned through dispatch that appellant was not the owner of the car. The court ruled that the dispatch was hearsay and inadmissible. During opening statements, defense counsel told the jury that “[t]he evidence that will be presented to you will show that the car was not [appellant’s].” The state objected. Although the court overruled the state’s objection, defense counsel modified her remarks, telling the jury instead that there would be no evidence presented that the car belonged to appellant.
After opening statements, the trial court excused the jury and advised defense counsel that, based upon her opening statements, the court assumed appellant would be testifying. When defense counsel responded that appellant was planning on testifying, but that he could change his mind, the following discussion ensued:
THE COURT: The problem I have now is, as an impartial arbiter, that you made *278 a statement to this jury that unless you put your client on the stand, you’ve violated this court’s order, and you’ve sandbagged the state as a result of that. [DEFENSE COUNSEL]: But, Your Honor, I’m entitled to ask Officer Saint-sauveur if he has any reliable evidence to suggest that that car [is] owned by Mr. Turner.
THE COURT: It would be based on hearsay, and that is violative of this court’s order. Now, at this point in time, if you tell me that you don’t have any intention of calling your client to testify, I’m inclined to grant a mistrial based on that manifest injustice.
The court reminded defense counsel of its order in limine precluding any reference to the dispatch information that the car was not registered to appellant. The court further advised defense counsel that she would be in violation of its ruling unless she called appellant to testify that the car did not belong to him. Defense counsel explained that she clarified her opening remarks, telling the jury only that the state was not going to present any evidence that the car was registered to appellant. Nevertheless, the court announced that it would entertain a state motion for mistrial based on her opening statement if appellant did not testify.
At the close of the state’s case, the trial court inquired about appellant’s decision to testify. Defense counsel explained that appellant did not want to testify and risk exposure of his nine prior felony convictions. He did not, however, want the case to end in a mistrial because he was opposed to having to face a third trial.[1] Personally addressing the court, appellant complained that he felt he was being unfairly forced to choose between his right to continue with the trial and his right not to testify. The court responded as follows:
What your lawyer could have done, without violating a direct order of this court, is by waiting until final argument and saying that you heard no evidence that this vehicle belonged to Mr. Turner, but she didn’t elect to do it the appropriate way. She elected to violate this court’s order. Now that was the reason for the ruling. I want you to understand that.
Appellant took the stand. He testified that he did not own the car, that he borrowed it the night before his arrest, and that he did not know that a gun was in the car. On cross-examination, the state questioned appellant regarding his numerous prior convictions. After lengthy jury deliberations, during which the jury requested to have appellant’s testimony read back, and after an Allen charge, the jury returned a verdict of guilty.
Appellant argues that the trial court erred in threatening a mistrial due to defense counsel’s remarks during opening statement. He contends that the judge’s threat to end the trial forced him to testify. We agree with appellant that the circumstances in this case did not warrant a mistrial. Declaring a mistrial over the objection of the defendant is appropriate only when “manifest necessity” for the mistrial has been shown. See Thomason v. State, 620 So.2d 1234, 1237 (Fla.1993). The double jeopardy clause, in addition to protecting an accused from being retried after an acquittal, gives a defendant a “valued right” to have his trial completed by a particular jury. Id. (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). “[T]he defendant has a significant interest in the decision whether *279 or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial.” United States v. Jorn, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
As the supreme court explained in Thomason:
Because the right not to be subjected to double jeopardy is so important and because it is frustrated when a trial ends before a verdict is reached, the State bears a heavy burden in justifying a mistrial over the objection of a defendant. Doubt about whether the mistrial is appropriate is resolved ‘in favor of the liberty of the citizen.’ (Citations omitted).
The doctrine of manifest necessity requires the trial court to explore all possible alternatives before declaring a mistrial over a defendant’s objection. Thomason, 620 So.2d at 1239. Here, the record indicates that the trial court did not consider and reject all possible alternatives before sua sponte announcing it would declare a mistrial due to defense counsel’s comments during opening statement. The record shows that the trial court considered only one alternative — that appellant testify. This decision forced appellant to choose between testifying against his will and having a mistrial declared. As a defendant has an absolute right not to testify at his own trial unless he freely chooses to do so, this was not a reasonable alternative.
The trial court apparently believed that defense counsel violated its pretrial order, which precluded eliciting testimony about the dispatch report’s registration information, by telling the jury in opening statement that the state would not be producing any evidence of the car’s ownership. Even assuming, arguendo, that defense counsel’s comments violated the order in limine, there were other alternatives available to the court for redressing the violation other than threatening a mistrial.[2] For example, defense counsel’s comments during opening statements, if improper, could have been corrected by sustaining the state’s objection and giving a curative instruction. See Butler v. State, 728 So.2d 286 (Fla. 3d DCA 1999)(holding that a mistrial was not warranted when the trial court sustained the defendant’s objection to the prosecutor’s remarks during opening statements and thereafter gave a curative instruction to the jury). In any event, the record does not demonstrate that the trial court fully considered and evaluated the alternatives to a mistrial.
Appellant expressed his desire to continue the trial and made it clear that he was testifying only because the court indicated it would declare a mistrial if he did not. Here, where there were no circumstances of manifest necessity justifying declaration of a mistrial, appellant was unfairly forced to choose between two equally important constitutional rights. As a result, appellant was denied a fair trial. Accordingly, we reverse appellant’s conviction and remand for a new trial.
REVERSED and REMANDED.
GUNTHER and KLEIN, JJ., concur.

. Appellant’s first trial ended in a mistrial when the jury was unable to reach a unanimous verdict on the felony charge.

. Interestingly, as noted above, the court suggested that defense counsel could properly make the same remarks as to lack of evidence during her closing argument, without violating its pre-trial order.