855 So.2d 178 (2003)
Willie Henry JACKSON, Jr. and Pamela Jackson, Petitioners,
v.
STATE of Florida, Respondent.
Nos. 4D03-1896, 4D03-2053.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
Carey Haughwout, Public Defender, Steven H. Malone and David Casals, Assistant Public Defenders, West Palm Beach, for petitioner Willie Henry Jackson, Jr.
Jack A. Fleischman of Fleischman & Fleischman, P.A., West Palm Beach, for petitioner Pamela Jackson.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for respondent.
WARNER, J.
In these consolidated petitions for writ of prohibition, petitioners seek to prohibit their further prosecution in the case pending against them after the trial court judge granted a mistrial in their first prosecution and then denied their written motion to dismiss on double jeopardy grounds. Because we conclude that there was no manifest necessity to grant a mistrial based *179 upon the defense counsel's comment in opening statement, double jeopardy bars further prosecution. We grant the petition.
Petitioners are husband and wife, and the charges against them arose from a confrontation they had with Mangonia Park police. As a result of the confrontation, petitioner Willie Jackson was charged with corruption by threat against a public official and resisting an officer without violence. Petitioner Pamela Jackson was charged only with corruption by threat.
At trial, the voir dire of the jurors dealt with the jurors' attitudes about police and their believability. It appears that the defense planned to attack the credibility of the officers and the necessity of their actions. The state objected to many of the questions asked by defense counsel that touched on the areas of racism, bias, police officers singling out African-Americans and harassing them, and government officials using their power to harass. Each time the state's objection was sustained, defense counsel did not ask the question. The state itself asked questions about bias and race.
After the jury was sworn, the state objected to a remark made by Willie Jackson's defense counsel, Mr. Casals, in opening statement, referring to the Mangonia police officers as "these jerky, little jerky cops of Mangonia Park." The court stopped the proceedings, calling counsel to the bench. The court thought that the remarks were egregious. At the court's invitation, the state moved for a mistrial, which the court granted, discharging the jury over the defense objection that a curative instruction would suffice.
Later, Pamela Jackson filed a motion to dismiss, in which her husband joined, arguing retrial was barred by double jeopardy because the jury was discharged without the defendants' consent, for a legally insufficient reason, without manifest necessity. They argued that because the statement had come early in the trial, any error could have been cured by an instruction to the jury to disregard the improper statement and reminding the jury that what the attorneys say is not evidence. Willie Jackson's attorney intended to present evidence of misconduct on the part of the police as part of his client's defense, which tied into all of his questions on voir dire.
The state argued that none of the officers whom Mr. Casals had deposed gave him any information to support the "ridiculous statement" he made to the jury. While the prosecution conceded that none of the violations by Mr. Casals alone would give rise to a finding that a mistrial was necessary, it claimed the combination of violations committed over the two days had resulted in a belligerent attitude of the jurors.
The judge found that there was a manifest necessity for the mistrial. He acknowledged that he had allowed wide latitude to defense counsel in questioning the jury but that counsel's characterization of the officers in opening statement exceeded the limits of propriety. He emphasized that defense counsel's questioning in voir dire attempted to get the jury to commit to the idea that police are bad people. He concluded that the jurors' minds were poisoned by the improper matters the jury was asked to consider and the argumentative and vicious statement expressing a derogatory opinion of the police without a factual context. The court determined that the state could not receive a fair trial, therefore it denied the motion.
Prohibition is the proper remedy to prevent a violation of the constitutional proscription against double jeopardy. See Strawn v. State ex rel. Anderberg, 332 So.2d 601, 602 (Fla.1976). Jeopardy attaches *180 when the jury is selected and sworn. See Crist v. Bretz, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). In the absence of manifest necessity for granting the mistrial, a retrial violates the fundamental principal that a defendant is entitled to have his trial completed by a particular tribunal. See Perkins v. Graziano, 608 So.2d 532, 532-33 (Fla. 5th DCA 1992).
The discharge of the jury for a legally insufficient reason, without the defendant's consent and without manifest necessity, is equivalent to an acquittal. See Spaziano v. State, 429 So.2d 1344, 1345 (Fla. 2d DCA 1983). "When a mistrial is granted over a defendant's objection, the prosecution has a heavy burden to show that the mistrial was justified by manifest necessity." Id. at 1346 (citing Brady v. Samaha, 667 F.2d 224 (1st Cir.1981)). As the Spaziano court stated:
[A] valid reason for declaring a mistrial must be predicated on either of two bases: (1) On some misfortune which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interest of either the judicial process itself, the defendant, the state, or both, or (2) upon some unfair or wrongful tactic, action or conduct on the part of the defendant, by which a substantial interest in the state is unfairly frustrated or embarrassed.
Id. (citing State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974)) (footnote omitted).
In this case, the mistrial was predicated on Mr. Casals' remark in his opening statement, in which he referred to Mangonia police officers as "these jerky, little jerky cops of Mangonia Park." Because an attorney's opening remarks do not constitute evidence, they are rarely sufficient for the granting of a motion for mistrial. For example, in Spaziano, the defense counsel informed the jury in opening argument that certain evidence would be presented but then failed to present this evidence. The court found this did not unreasonably prejudice either the judicial process or the state because a party has the right to make tactical changes in his defense as the trial progresses and the state could have reminded the jury in closing argument that the representations of defense counsel cannot be considered as evidence. Id.; see also Turner v. State, 851 So.2d 276, 278-79 (Fla. 4th DCA 2003).
Misconduct by the defense in opening statement which rises to the level necessitating a mistrial typically involves comments on evidence that the jury is not permitted to hear or presentation by the defense of perjured testimony. See, e.g., Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (finding mistrial proper where defense notified jury that defendant's conviction had been reversed for new trial because state withheld evidence); Walsh v. State, 418 So.2d 1000 (Fla.1982) (upholding mistrial where defendant testified that he passed polygraph examination although the court ruled such evidence inadmissible); Quinones v. State, 766 So.2d 1165 (Fla. 3d DCA 2000) (denying defendant's petition for writ of prohibition where mistrial was granted after defense counsel repeatedly attempted to reveal impermissible matters to the jury and improperly editorialized the evidence presented and the prosecutor's motives.)
The state maintains this case is similar to Clark v. State, 756 So.2d 244 (Fla. 5th DCA 2000). In Clark, the court held that double jeopardy did not preclude retrial where, after the trial court granted a defense motion in limine to exclude any reference to drugs lost by the state which were to be introduced into evidence, defense *181 counsel referred to drugs in opening statement and falsely stated that drugs were absent from the scene of the crime. Id. at 246. The appellate court concluded that either a curative instruction to disregard the statement or permitting the state to present evidence that the drugs were found at the scene, but lost, would unduly prejudice the jury and shift the focus at trial. See id.
The facts of this case are distinguishable. While in Clark the defense counsel falsely informed the jury of material facts, here the defense counsel simply disparaged the police by referring to them using the pejorative term "jerky." We hardly think that the jury was unduly tainted by the defense counsel's antics. Defense counsel did not convey to the jury any undisclosed evidence, nor did he suggest that the state had engaged in unethical conduct. While his remark was undoubtedly highly unprofessional and inappropriate, and he should have been admonished for such a comment, it could have been cured. The court did not consider a curative instruction or admonishing defense counsel in front of the jury. Cf. Turner, 851 So.2d at 278-79.
When denying the motion to dismiss, the court indicated that Mr. Casals' offensive remark in opening statement was the culmination of his overreaching in voir dire. During voir dire, while the prosecutor objected to several of the questions asked by Mr. Casals, the trial court simply told counsel not to get into the facts of the case. The prosecutor never objected to any questions on the ground that the jury was being unduly tainted, and the prosecutor never asked that the jury be dismissed on this ground.
Moreover, the state has not pointed to any questions asked during voir dire that it deems excessively prejudicial, nor did it identify any at trial. Mr. Casals maintained that all of his questions were entirely within bounds, he was merely seeking to learn the jury's attitude toward the defense. We have examined the questions and have not identified any that would have irreparably tainted the jury.
As the state has conceded, the remark in opening statement would not require a mistrial. The state did not object to the defense's voir dire questioning on the grounds asserted in its response to the motion to dismiss. Therefore, we conclude that no manifest necessity for a mistrial was shown. We grant the petitions and order petitioners' discharge.
GUNTHER and SHAHOOD, JJ., concur.