979 So.2d 1099 (2008)
Byron DAWSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2495.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Appellant Byron Dawson seeks reversal of his conviction and sentence after a second trial. Based on a mistrial declared during the first trial, we conclude that Dawson's right against double jeopardy was violated and we reverse.
Dawson was brought to trial on charges of possession of heroin, tampering with physical evidence, resisting an officer with violence, and battery on a law enforcement officer. The court agreed before voir dire to allow the defense to postpone opening *1101 statements until the following day. During voir dire, the prosecutor learned that the chemist who had tested the drugs involved in the case was leaving on vacation the next day. The trial previously had been continued because the original chemist was on leave and the evidence had been re-tested. The trial court gave the parties two options, either have the defense stipulate that the substance in question was heroin or re-test the substance again using a third chemist. The defense agreed to the stipulation.
The first witness for the prosecution was the arresting officer. The officer testified as to the events leading up to Dawson's arrest and a small package falling from his person. Dawson grabbed the package and put it in his mouth and started chewing. After a struggle, the officer retrieved the small package. He was then shown State's Exhibit 1-A, and he identified the baggie that was stuck to Dawson's chin after he was handcuffed. He recognized the package, the indentation of Dawson's teeth marks inside the package, and the markings. The defense objected when the prosecutor attempted to introduce the item into evidence. When the prosecution moved the exhibit into evidence "per the stipulation," the defense asked for a sidebar and explained to the court that it had stipulated that the substance obtained from Dawson was heroin, but had not agreed that the evidence was admissible. It then requested to conduct a voir dire of the witness.
The defense established that the officer had placed the small baggies into a bigger evidence bag. The larger evidence bag contained two smaller baggies and a third baggie with teeth marks. The officer admitted that he could not identify written markings on the baggies and that they could have been from another case, but he identified the baggie with the teeth marks. The defense argued that the chain of custody had not been established and objected to the items being admitted into evidence. The prosecution argued that the defense had stipulated to the admission of the evidence and that if the chain of custody was going to be an issue, they would have called the chemist. Furthermore, it argued that the defense had not established any evidence of tampering with the exhibit.
The trial court recognized there was a problem with the chain of custody, and reasoned that the prosecution had been prejudiced by the defense's request to postpone opening statements until the day after jury selection. The trial court stated it had three options: (1) allow the evidence to be admitted; (2) continue the trial until the chemist was available; or (3) declare a mistrial. The defense suggested a fourth option: to keep out the evidence. The prosecution argued for the first of the three options: to let in the evidence.
The court then inquired as to how long the chemist would be unavailable. Although the prosecutor initially stated that the chemist was on vacation for at least two weeks, he later hedged as follows:
MR. MARTINEZ: I could find out later today or tomorrow. I was told it was a vacation, leaving town. I didn't inquire as to how long, once I found out they were stipulating to the evidence, there was no need.
But, I am guessing a vacation would be two weeks. And he left town. I know that when he comes back, if, in fact, it was two weeks. I don't know.
I can find out.
Whereupon the court again inquired of the defense, who responded: "As per the option that you are not limited to, the defense has no position." The trial court then declared a mistrial.
*1102 The defense subsequently moved to dismiss on the grounds that double jeopardy attached and that the mistrial was not based on manifest necessity. The motion was denied. At the second jury trial, Dawson was convicted of all charges.
The State contends that the defense caused the mistrial and that by failing to object Dawson waived his right against double jeopardy. Dawson asserts that double jeopardy attached after the mistrial and that the mistrial was not based on manifest necessity. We agree with Dawson and reverse.
Both the Florida and Federal Constitutions provide an accused with strong protections against double jeopardy. Florida courts have been clear with regard to mistrials. Where a jury is discharged without the defendant's consent and without absolute necessity, the discharge is the equivalent of an acquittal and retrial is precluded. Pruitt v. State, 830 So.2d 895 (Fla. 2d DCA 2002).
Consent cannot be found in a defendant's silence or failure to object or protest against an illegal discharge of the jury before a verdict is reached. Such conduct by the accused does not waive the constitutional prohibition against double jeopardy after the improper discharge of the jury. State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla.1956). The requisite affirmative consent was not present in this case.
Additionally, the circumstances in this case did not rise to the level of manifest necessity. Although manifest necessity has not been given a bright line definition, where the circumstances leading to a mistrial relate to the unavailability of a critical prosecution witness, strict scrutiny is applied. Cohens v. Elwell, 600 So.2d 1224 (Fla. 1st DCA 1992).
Applying strict scrutiny, courts have found manifest necessity lacking in far more demanding circumstances than that of a vacationing chemist. See Id. (critical witness unavailable due to severe illness); Ostane v. Hickey, 385 So.2d 110 (Fla. 3d DCA 1980) (critical witness murdered on courthouse steps). While the unavailability of a critical witness can create a manifest necessity which would allow for a mistrial, the trial court should consider reasonable alternatives that would mitigate the situation and preserve the continuity of the trial. Ostane, 385 So.2d at 111.
In this case, the trial court assumed that a two-week delay was necessary, even after the prosecutor offered to verify that the vacation was indeed for two weeks. Furthermore, it is unclear what the chemist would have added to the chain of custody issue, given that the issue was markings and two different chemists had examined the evidence. Third, the court assumed that a two-week delay was impractical, without questioning the jury to determine the jurors' availability. Finally, there is no explanation as to why the trial could not proceed on the other counts. Instead, the court summarily discharged the jury. A mistrial was unwarranted and Dawson's subsequent retrial was barred.
This decision does not conflict with Adkins v. Smith, 205 So.2d 530 (Fla.1967), or State v. Sly, 459 So.2d 479 (Fla. 2d DCA 1984). The court in Adkins reasoned that comments made by the defense in the case showed the affirmative consent necessary to waive the right against double jeopardy. 205 So.2d at 531. Here, no comparable comments were made.
In Sly, the court found that a mistrial did not violate the defendant's double jeopardy rights because it was granted for the benefit of the defendant. 459 So.2d at 481. *1103 In this case, the mistrial was granted in favor of the prosecution whose witness was unavailable. Therefore, Adkins and Sly are factually distinguishable and not at odds with this decision.
Accordingly, we reverse the denial of Dawson's motion to dismiss and remand the case with instructions to discharge the defendant from the charges in this case.