988 So.2d 133 (2008)
Ronald A. JOSEPH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3477.
District Court of Appeal of Florida, First District.
July 30, 2008.
*134 Luke Newman of Daley Law Office, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Ronald A. Joseph, Jr., challenges his conviction and sentence after a second trial for leaving the scene of an accident involving death. Because the trial court sua sponte declared a mistrial without Appellant's consent and absent a manifest necessity, Appellant's retrial was barred by double jeopardy. We, therefore, reverse Appellant's conviction and sentence.
On the morning of the first day of the trial, the prosecutor informed defense counsel and the trial court that the audio recording of Appellant's phone call to the police station after the accident had been inadvertently lost or destroyed. The prosecutor stated that she had a transcript of the phone call and that the two operators who took the call were available to authenticate the transcript. Defense counsel requested a Richardson[*] hearing, arguing that he was prejudiced by the lack of an audio recording. Defense counsel stated that one of Appellant's defenses was that he left the scene of the accident out of fear for his life and a written transcript would not allow the jury to hear Appellant's voice inflection or intensity when he made the call. The prosecutor suggested that the operators would be able to testify as to Appellant's demeanor. Defense counsel stated that an employee of the convenience store from which Appellant called the police personally observed Appellant make the phone call and would be able to testify as to Appellant's demeanor, but neither defense counsel nor the state was able to locate the employee before the trial.
Defense counsel moved for dismissal of the charge due to the prejudice the situation created for Appellant. The trial court refused to grant the motion, but agreed that the trial could not proceed that day even though the jury was sworn and ready to hear the case. The trial court sua sponte declared a mistrial. The court noted that the importance of the convenience store employee had been elevated due to the loss of the audio recording and that he needed to examine whether the loss of the recording prejudiced the defense.
After the mistrial, Appellant filed a written motion to dismiss arguing that the trial court was required to dismiss the charge against him because there was no manifest necessity for the mistrial and the mistrial was declared without his consent. The trial court denied the motion finding that there was no way the trial could have proceeded that day. Appellant was later *135 retried and found guilty of leaving the scene of an accident involving death and was sentenced to five years' imprisonment. This timely appeal follows.
When a jury has been discharged without consent of the defendant and without a manifest necessity, the discharge is the equivalent of an acquittal and retrial is prohibited. United States v. Jorn, 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); Dawson v. State, 979 So.2d 1099, 1102 (Fla. 3d DCA 2008). A defendant's silence or failure to object to an illegal discharge of a jury does not constitute consent to a declaration of mistrial and it does not waive a defendant's constitutional protection against double jeopardy. Spaziano v. State, 429 So.2d 1344, 1346 (Fla. 2d DCA 1983). Appellant did not clearly consent to the mistrial in this case.
Moreover, the loss of the audio recording and the inability to locate a witness did not create a manifest necessity requiring a mistrial. "Manifest necessity arises because of some misfortune which, although the fault of neither party, renders continuation of the trial impossible." Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992). Trial courts are required to evaluate and discuss possible alternatives before declaring a mistrial over the objection of a defendant. Id. at 1238; Dawson, 979 So.2d at 1102 ("[W]hile the unavailability of a critical witness can create a manifest necessity which would allow for a mistrial, the trial court should consider reasonable alternatives that would mitigate the situation and preserve the continuity of the trial."); C.A.K. v. State, 661 So.2d 365 (Fla. 2d DCA 1995) (holding that a trial court must consider and reject all possible alternatives before declaring a mistrial over the objection of a defendant); Raszka v. Burk, 436 So.2d 255, 257 (Fla. 4th DCA 1983) (holding that the doctrine of manifest necessity requires trial courts to not declare a mistrial until a scrupulous exercise of discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings). In this case, the trial court did not consider continuing the trial, or any other alternatives, to allow defense counsel time to depose the phone operators and to continue his search for the convenience store employee. Thus, a mistrial was unwarranted and Appellant's subsequent retrial was barred.
Accordingly, we reverse the denial of Appellant's motion to dismiss and remand the case with instructions to discharge Appellant from the charges in this case.
REVERSED.
ALLEN, DAVIS, and HAWKES, JJ., concur.
NOTES
[*] Richardson v. State, 246 So.2d 771 (Fla.1971).